1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8
9

| | |
|---|---|
| MARIAN HAGI-MAYOW AND CALI IDRIS, | Case No. 2:18-cv-00986-JCC |
| Plaintiffs, | [~~PROPOSED~~] PRETRIAL ORDER |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

10
11
12
13
14
15
16
17

## I.     JURISDICTION

This action was removed to this Court pursuant to 28 U.S.C. § 1441.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II.     CLAIMS AND DEFENSES

**Plaintiff Marian Hagi-Mayow intends to pursue the following claims at trial:**

1.     Breach of Contract – State Farm breached its obligations under the insurance policy as to additional living expenses, damage to the contents of the home, and continuation of the loss and improperly withheld funds from the appraisal award.

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington  98104
(206) 395-7630

57136973.v5

2.     Consumer Protection Act – State Farm's actions constituted violations of Washington's Consumer Protection Act.

3.     Bad Faith – State Farm's conduct constituted bad faith, under both Statutory and Common Law principles.

**Defendant State Farm intends to pursue the following affirmative defenses and/or claims at trial:**

1.     Plaintiff has failed to provide notice sufficient to meet the statutory notice requirements for bringing a claim under RCW 48.30.015(8).

2.     Plaintiff has failed to mitigate her damages.

### III.     ADMITTED FACTS

The following facts are admitted by the parties:

1.     Plaintiff Marian Hagi-Mayow's home is located at 14111 Beverly Park Road, Edmonds, Washington.

2.     On May 21, 2017, Ms. Hagi-Mayow experienced a kitchen fire and resulting damage to her home from the fire and fire suppression efforts.

3.     At the time of the fire, Ms. Hagi-Mayow's home was insured with State Farm under a homeowner's insurance policy, policy no. 47-B9-P613-8 (hereafter, the "policy").

4.     With regard to loss of use coverage, the policy provides as follows:

COVERAGE C – LOSS OF USE

1.     Additional Living Expense.  When a Loss Insured causes the residence premises to become uninhabitable, we will cover the necessary increase in cost you incur to maintain your standard of living for up to 24 months.  Our payment is limited to incurred costs for the shortest of: (a) the time required to repair or replace the premises; (b) the time required for your household to settle

PRETRIAL ORDER - 2
(Case No. 2:18-cv-00986-JCC)

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

elsewhere; or (c) 24 months. This coverage is not reduced by the expiration of this policy.

5.     Ms. Hagi-Mayow spoke to a State Farm claims representatives by phone three times on May 22, 2017, the day after the fire.

6.     From the first call, State Farm's claims representative included the following notes in the claims file regarding their conversation with Ms. Hagi-Mayow:

    a)     "Home remains energized and NI [Named Insured] can stay at home. Explained food abatement."

    b)     "Loss of Use: explained food abatement. Kitchen is not useable. 2 grown kids and 2 adults."

7.     In the second call, Ms. Hagi-Mayow indicated she wanted to pursue a claim under the insurance policy.

8.     From the third call, State Farm's claims representative included the following notes in the claims file regarding their conservation with Ms. Hagi-Mayow:

> I think I convinced PH [policy holder] to move out of the house. Loss just happened and she's confused. Advised it would be more efficient for the reconstruction and cleaning if she used her hotel benefit. She's just worried about the claim costing money. Advised she has her deductible but this is the sort of thing to repair correctly. She understands and will ask the kids to move out. She's trying to do work herself to save money.

> She said that the sofas and mattresses in the house are all needing to be replaced.

> Moving to Ownership due to the size of the loss. Entire house effected. Needs new floors on main level. Roof burned. Kitchen needs to come out. PH needs to move to hotel. She's still in shock and thinking about it.

> . . .

> PH came back on phone and said that kids are in the middle of finals week so they will try to stay in the other side of the house.

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

9.     A State Farm manager noted in the claims file: "Certainly seems the insured is going to want to move out. We can reoffer next time we speak to them."

10.    On May 23, 2017, State Farm's claim specialist, Mark Somers, visited the home. Mr. Somers recorded a portion of his conversation with Ms. Hagi-Mayow in the State Farm claims file, as follows:

> Scope of work will require insureds to be out of home while kitchen repairs are completed. I estimate 2 months of POR.
>
> Insureds want to remain in home until after kids finish school. Finals are June 6th. Agreed to revisit ALE [additional living expenses] after June 6th. We will also discuss content cleaning, pack out storage with [Ms. Hagi-Mayow].

11.    Ms. Hagi-Mayow and her family ultimately remained in the home except for a two night hotel stay during asbestos abatement, for which State Farm reimbursed Ms. Hagi-Mayow. There were no further documented discussions of ALE prior to the appraisal.

12.    State Farm paid a contractor, ServPro, to stabilize conditions immediately after the fire (on May 22) and then to conduct initial demolition in the kitchen, including removal of the kitchen cabinets and appliances, and abatement of asbestos encountered during removal of flooring.

13.    The home's kitchen was unusable after ServPro's demolition work was performed, and remained inoperative until reconstruction of the kitchen was complete.

14.    Mr. Somers prepared an estimate of the cost of structural repairs to Ms. Hagi-Mayow's home, totalling $37,575.24. He emailed the cost estimate to Ms. Hagi-Mayow on June 10, 2017, and discussed it with her in person on June 13, 2017.

15.    Jeff Leer of McBride Construction was present at the June 13, 2017 meeting and discussed the State Farm estimate with Mr. Somers. Mr. Leer had been

PRETRIAL ORDER - 4
(Case No. 2:18-cv-00986-JCC)

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

1  contacted by Ms. Hagi-Mayow.  She had been given the name of McBride Construction

2  by an acquaintance.  Ms. Hagi-Mayow did not retain McBride Construction to work on

3  her home.

4  16.  On June 23, 2017, State Farm issued a payment of $25,789.89 to Ms.

5  Hagi-Mayow for structural repairs.  The difference from Mr. Somers' estimate reflects a

6  deductible of $4,008.00 and $7,251.63 for depreciation of the damaged components of

7  the home.  Under the policy, the withheld depreciation is to be paid after repair or

8  replacement of the damaged property.

9  17.  On June 14, 2017, ServPro provided State Farm with estimates for two

10  additional categories of work: cleaning of the structure and cleaning of the contents of

11  the home.

12  18.  The contents cleaning estimate was $31,852.00.  The estimate included

13  cleaning smoke residues from furniture, appliances, electronics and personal goods but

14  did not include replacement of any of the contents of the home.  State Farm paid Ms.

15  Hagi-Mayow $31,852.00 based on the ServPro estimate of the cost of cleaning the

16  contents of her home.  Ms. Hagi-Mayow did not use the $31,852 to have ServPro or

17  another contractor clean her personal property.

18  19.  The structure cleaning estimate initially included cleaning kitchen areas

19  that were to be removed and replaced.  ServPro revised the estimate at State Farm's

20  request to remove those areas.  The revised estimate was $17,420.96.  The estimate

21  included vacuuming and cleaning surfaces throughout the home and deodorizing the

22  home. Rugs and carpets and cleaning walls, windows, doors, floors, and ceilings.  The

23  estimate did not include sealing or painting any smoke-affected areas.  State Farm paid

24

25

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington  98104
(206) 395-7630

57136973.v5

1  Ms. Hagi-Mayow $17,420.96 based on the ServPro estimate of the cost of cleaning the

2  structure of her home.

3      20.    Ms. Hagi-Mayow retained Mr. Williams to assist her with her claim

4  under the policy. Mr. Williams recommended a contractor, Verity & Light Contracting

5  Services, LLC ("Verity & Light").

6      21.    Verity & Light prepared an estimate of the cost of repairs to the home

7  amounting to $192,605.69. Ms. Hagi-Mayow signed a contract with Verity & Light for

8  construction work on her home.

9      22.    On October 23, 2017, Ms. Hagi-Mayow sent Mr. Somers an email

10  requesting appraisal of the cost of repairs to the home. The Verity & Light cost

11  estimate accompanied her request.

12      23.    The policy provides for "appraisal" as a dispute resolution process:

### SECTION I – CONDITIONS

4. **Appraisal**. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

1    24.    Mr. Williams, on behalf of Ms. Hagi-Mayow, contacted Mr. Somers and

2  suggested that the parties meet at the home with their own contractors to discuss the

3  needed repairs and see if they could reach agreement.  After conferring internally, Mr.

4  Somers agreed to this approach.

5    25.    State Farm retained Mr. Leer of McBride Construction to participate in

6  the meeting at Ms. Hagi-Mayow's home.  The meeting occurred on November 29,

7  2017.  Those present included Ms. Hagi-Mayow, Mr. Somers and Mr. Leer for State

8  Farm, and Mr. Williams and Kris Bentson of Verity & Light for Ms. Hagi-Mayow.

9    26.    Mr. Somers agreed to have Mr. Leer (McBride Construction) prepare an

10  estimate of the cost of repairs.  The McBride estimate, dated December 18, 2017,

11  totalled $89,207.44.

12    27.    In January 2018, State Farm issued a payment to Ms. Hagi-Mayow of

13  $51,631.68, representing the McBride estimate less the amount previously paid based

14  on the State Farm estimate or repair costs.

15    28.    Ms. Hagi-Mayow then invoked the policy's appraisal dispute resolution

16  process and named Kyle Grinnell as her appraiser.  State Farm selected Jason Runyon

17  as its appraiser.  The appraisers selected Roger Howson as the umpire.

18    29.    On January 25, 2018, the appraisers and the umpire agreed upon an

19  appraisal award, which provided:

20        a)    Structural Repairs (No Mitigation) – Replacement Cost of

21              $202,414.54 and Actual Cash Value of $187,763.77.

22        b)    Additional Living Expense of $25,650.00.

23        c)    Contents Not Addressed.

24    30.    Following the appraisal award, Ms. Hagi-Mayow's appraiser sent her an

25  invoice for $27,367.74.  The invoice contained no information about how the fee was

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington  98104
(206) 395-7630

57136973.v5

1 calculated. It recited the amount of the award and the amount of the fee. The fee was
2 precisely 12% of the amount of the appraisal award.

3     31.    In February 2018, State Farm issued further payments to Ms. Hagi-
4 Mayow in response to the appraisal award, consisting of $25,650.00 for ALE and
5 $88,913.24 for Structural Repairs.

6     32.    State Farm calculated the Structural Repairs payment by subtracting the
7 following amounts from the Appraisal Award's determination of Replacement Cost:

8         a)    The two prior payments for structural repair costs based on Mr.
9             Somers' original estimate and the McBride estimate;

10         b)    Recoverable Depreciation – the difference between the
11             Replacement Cost and the Actual Cash Value (totalling
12             $14,650.77). State Farm later paid Ms. Hagi-Mayow the
13             recoverable depreciation following completion of the
14             construction work on her home; and

15         c)    ServPro's June 16, 2017 estimate of the cost of structural
16             cleaning of the home, totalling $17,420.96.

17 Ms. Hagi-Mayow does not dispute that deductions a. and b. were appropriate. She does
18 dispute that deduction c. was appropriate.

19     33.    Verity & Light began construction on Ms. Hagi-Mayow's home in June
20 2018.

## IV.    ISSUES OF LAW

21
22     The following are the issues of law to be determined by the court:

**Plaintiff's Statement of Issues of Law**

23
24 **A.    Breach of Contract**

    1.    Whether State Farm failed to perform its contractual obligations to:
25

PRETRIAL ORDER - 8
(Case No. 2:18-cv-00986-JCC)

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

<div style="margin-left: 2em;">
a)     Pay ALE for the period from the fire until construction began on repairs to the home;

b)     Pay the full amount of the appraisal award for structural repairs;

c)     Pay for structural damage to the home not addressed by the appraisal award; and

d)     Pay for damage to the contents of the home.
</div>

2.     Whether State Farm's refusal to relocate Plaintiff and her household after the fire constituted a denial of coverage for ALE.

3.     Whether State Farm's failure to perform its obligations materially breached the insurance policy.

4.     Whether Plaintiff has been injured as a result of State Farm's breaches of contract.

**B.     Washington Consumer Protection Act ("CPA") (RCW 19.86)**

1.     Whether State Farm's handling and denial of Plaintiff's insurance claim constitutes unfair or deceptive practices within the meaning of RCW 19.86.020.

2.     Whether State Farms' unfair or deceptive practices occurred in "trade or commerce" within the meaning of RCW 19.86.010 and RCW 19.86.020.

3.     Whether State Farm's conduct affects the public interest sufficient to raise a claim under the CPA.

4.     Whether State Farm's actions injured Plaintiff's property within the meaning of RCW 19.86.010 and RCW 19.86.090.

5.     Whether State Farm's unfair or deceptive practices proximately caused the injury to Plaintiff's property.

**C.     Bad Faith (RCW 48.30.15)**

1.     Whether State Farm's conduct constitutes an unreasonable "denial of

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

coverage or payment of benefits" under RCW 48.30.015.

2. Whether State Farm violated any of the following rules, thereby giving rise to claims under RCW 48.30.015(2) and (3):

    a)    Whether State Farm failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies in violation of WAC 284-30-330(3).

    b)    Whether State Farm refused to pay Plaintiff's claims without reasonable investigation in violation of WAC 284-30-330(4).

    c)    Whether State Farm failed to effectuate prompt, fair, and equitable settlement of Plaintiff's claim in violation of WAC 284-30-330(6).

    d)    Whether State Farm compelled its insured to initiate appraisal and litigation to recover amounts due under the policy in violation of WAC 284-30-330(7).

    e)    Whether State Farm attempted to settle a claim for less than a reasonable person would believe was owed in violation of WAC 284-30-330(8).

3. Whether State Farm's acts of bad faith proximately caused injuries and actual damages to Plaintiff.

**D.    Bad Faith (Common Law)**

1. Whether State Farm breached its duty of good faith and fair dealing under RCW 48.01.030 by failing to properly investigate Plaintiff's claim and by withholding policy benefits without proper cause.

2. Whether State Farm unreasonably denied Plaintiff's claim for ALE and refused to pay claims without conducting a reasonable investigation.

PRETRIAL ORDER - 10
(Case No. 2:18-cv-00986-JCC)

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

3.     Whether State Farm unreasonably denied Plaintiff's claims for full coverage and full payment of benefits under the policy.

4.     Whether State Farm failed to refrain from placing its interests above those of the insured.

5.     Whether State Farm's acts of bad faith proximately caused injuries and actual damages to Plaintiff.

6.     Whether State Farm's acts of bad faith proximately caused Plaintiff to experience emotional distress.

**E.     Remedies**

1.     Whether Plaintiff is entitled to actual damages, in amounts to be proven at trial.

2.     Whether Plaintiff's ALE claim should be calculated based upon the cost of maintaining Plaintiff's standard of living, or should instead be limited to actual costs incurred.

3.     Whether Plaintiff is entitled to damages for emotional distress, in an amount to be determined by the Court.

4.     Whether Plaintiff is entitled to recover the costs of this suit, including reasonable attorney fees, in accordance with RCW 19.86.090.

5.     Whether Plaintiff is entitled to recover reasonable attorneys' fees and actual statutory litigation costs, including expert witness fees, in accordance with RCW 48.30.015(3)

6.     Whether Plaintiff should receive an enhanced award for actual damages, increased by up to $25,000, in accordance with RCW 19.86.090.

7.     Whether Plaintiff should receive an enhanced award, up to treble actual damages, in accordance with RCW 48.30.015(2).

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

**Defendant's Statement of Issues of Law:**

1. Whether Plaintiff is entitled to ALE benefits she did not "incur" as required by the policy.

2. Whether the appraisal award should be interpreted as establishing the entire "amount of the loss" for ALE.

3. Whether Plaintiff has provided adequate pre-suit notice of the basis of her claim as required by RCW 48.30.015(8).

4. Whether Plaintiff's appraiser violated the requirement in the policy and the recital in the appraisal award that the appraisers be "disinterested" by collecting a 12% contingent fee.

## V. WITNESSES

**A.    On behalf of Plaintiff:**

| WITNESS NAME | SUMMARY OF TESTIMONY | MAY CALL | WILL CALL |
|---|---|---|---|
| **Marian Hagi-Mayow** c/o Plaintiff's Counsel | Will testify regarding the damage done to her home by the fire and attendant smoke and water, her interactions with State Farm and its personnel, the impact of those interactions and her situation on her, the events result in her invocation of appraisal under her insurance policy, and the construction work done on her home. | | X |
| **Bernie Williams** Aspirant Consulting Group, LLC Westlake Tower 1601 5th Ave. Suite 1159 Seattle, WA 98101 (206) 331-4017 | Will testify regarding his discussions with Ms. Hagi-Mayow, his assessment of the fire and water damage to Plaintiff's home, his evaluation of construction cost estimates prepared in this matter, and an estimate of Plaintiff's uncompensated additional living expenses (ALE). | | X |

PRETRIAL ORDER - 12
(Case No. 2:18-cv-00986-JCC)

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

| WITNESS NAME | SUMMARY OF TESTIMONY | MAY CALL | WILL CALL |
|---|---|---|---|
| **Kris Bentson**<br>Verity & Light Contracting Services, LLC<br>5800 Soundview Drive #C102<br>Gig Harbor, WA 98335<br>(253) 279-4938 | Will testify regarding his evaluation of the condition of the Plaintiff's home, his description and explanation of the construction estimates prepared for Plaintiff's residence, and the construction work conducted at Plaintiff's home. | | X |
| **Kyle Grinnell**<br>Allwest Adjusters, Inc.<br>4108 57th St. Ct. East<br>Tacoma, WA 98443<br>(253) 896-3700 | Will testify regarding the appraisal of damage performed on Plaintiff's home | | X |
| **Cali Idris**<br>c/o Plaintiff's Counsel | May be called to testify regarding his communications with State Farm personnel, the fire and its impact on the home, and the impact of the incident on Ms. Hagi-Mayow. | X | |

**B.      On behalf of Defendant:**

| WITNESS NAME | SUMMARY OF TESTIMONY | MAY CALL | WILL CALL |
|---|---|---|---|
| **Mark Somers**<br>c/o Betts Patterson & Mines | Will testify regarding his claim handling, interactions with other witnesses, and his general practices. | | X |
| **Jason Runyon**<br>(206) 792-7382<br>19324 - 40th Avenue West, Suite D Lynwood, WA 980365662 | Will testify regarding appraisal process, post-appraisal communications with State Farm, and the intent of the ALE award to plaintiff. | | X |
| **Jeff Leer**<br>(206) 283-7121<br>McBride Construction<br>15100 Eighth Avenue SW<br>Burien, WA 98166 | May testify regarding his interactions with plaintiff as a potential contractor and the estimate he prepared for State Farm. | X | |

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

| | | | | |
|---|---|---|---|---|
| **Kyle Grinnell**<br>Allwest Adjusters, Inc.<br>4108 - 57th St. Ct. East<br>Tacoma, WA 98443 (253)<br>896-3700 | May be called to testify regarding appraisal process, post-appraisal communications the parties and the ALE award to plaintiff. | X | | |

## VI.    EXHIBITS

Notations of objections to admissibility – H is hearsay, F is foundation, and R is relevance.

| EX NO. | BEG. BATES NO. | DOCUMENT DESCRIPTION | STIP. ADMISS. | STIP. AUTHENT. |
|---|---|---|---|---|
| 1 | SFCLAIM 000506-541 | State Farm Fire and Casualty Company Homeowners Policy for Insureds Marian Hagi-Mayow and Cali Idris, Sept. 3, 2016. | X | X |
| 2 | SFCLAIM 001547-1565 | SERVPRO Total Structural Cleaning Estimate, May 22, 2017. [Dep. Ex. Hagi-Mayow 10] | X | X |
| 3 | SFCLAIM 001147-1167 | SERVPRO Total Content Cleaning Estimate, May 22, 2017. | X | X |
| 4 | SFCLAIM 000747-778 | Structural Damage Claim Policy and Coverage Estimates, June 13, 2017. [Dep. Ex. Somers 2] | X | X |
| 5 | | Email from M. Somers to file with receipt for hotel charges, June 23, 2017. [Dep. Ex. Hagi-Mayow 1] | X | X |
| 6 | SFCLAIM 001096-1116 | Email from M. Somers to file with forwarded estimate from Verity & Light Contracting Services, Oct. 26, 2017. [Dep. Ex. Hagi-Mayow 4] | X | X |

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington  98104
(206) 395-7630

57136973.v5

| EX NO. | BEG. BATES NO. | DOCUMENT DESCRIPTION | STIP. ADMISS. | STIP. AUTHE NT. |
|---|---|---|---|---|
| 7 | SFCLAIM 000395-416 | McBride Construction Resources, Inc. estimate, Nov. 30, 2017. [Dep. Ex. Somers 9] | X | X |
| 8 | SFCLAIM 000606 | Email from M. Somers to B. Williams re status of McBride Construction estimate, Dec. 12, 2017. [Dep. Ex. Somers 5] | X | X |
| 9 | SFCLAIM 001065-1066 | Email from M. Somers to file re McBride Construction estimate (forwarding email only), Dec. 14, 2017. [Dep. Ex. Somers 7] | X | X |
| 10 | SFCLAIM 001014-1017 | Email from M. Somers to File re revisions to McBride Construction estimate, Dec. 15, 2017. [Dep. Ex. Somers 8] | X | X |
| 11 | SFCLAIM 000549-552 | Email from M. Somers to B. Williams forwarding McBride Construction estimate (cover page only), Dec. 18, 2017. [Dep. Ex. Somers 6] | X | X |
| 12 | HAGIMA0000012PROD-HAGIMA0000013PROD | Email between M. Somers and A. Carlson re McBride cost estimate, Dec. 18, 2017. [Dep. Ex. Somers 10] | X | X |
| 13 | SFCLAIM 000372-373 | Appraisal Award and Umpire Appointment, Jan. 25, 2018. [Dep. Ex. Hagi-Mayow 11] | X | X |
| 14 | MHM000054 | Invoice from appraisal umpire Roger Howson, Jan. 29, 2018. | X | X |
| 15 | SFCLAIM 000911-914 | Email from M. Somers to file re forwarded appraisal award and umpire appointment documents, Jan. 30, 2018. [Dep. Ex. Somers 11] | X | X |

PRETRIAL ORDER - 15
(Case No. 2:18-cv-00986-JCC)

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

| EX NO. | BEG. BATES NO. | DOCUMENT DESCRIPTION | STIP. ADMISS. | STIP. AUTHE NT. |
|---|---|---|---|---|
| 16 | SFCLAIM 001301-1305 | Email from M. Somers to A. Carlson forwarding email thread with J. Runyon re McBride estimate and appraisal award, Fe3b. 6, 2018. | X | X |
| 17 | MHM000061-63 | Verity & Light Contracting estimate for wet bar repair, Mar. 1, 2018. | **H; F** | X |
| 18 | SFCLAIM 001413-14 | Email from M. Wrenn to M. Somers re payment of SERVPRO invoices and forwarding email from appraiser re same, Mar. 9, 2018. [Dep. Ex. Somers 12] | X | X |
| 19 | MHM000316-321 | Email from M. Hagi-Mayow to B. Williams attaching Personal Property Inventory, Mar. 15, 2018. [Dep. Ex. Hagi-Mayow 8] | **H; F** | X |
| 20 | | Agreement Between Owner [Marian Hagi-Mayow] and Contractor [Verity & Light Contracting], Mar. 19, 2018. [Dep. Ex. Hagi-Mayow 5] | X | X |
| 21 | SFCLAIM 000347-348 | Email between M. Somers and M. Wrenn re appraisal award and compensation for housing, Apr. 11, 2018. | X | X |
| 22 | MHM000047-48 | K. Grinnell email to M. Hagi-Mayow, forwarded to B. Williams, attaching invoice for appraisal, Apr. 12, 2018. [Dep. Ex. Hagi-Mayow 6] | X | X |
| 23 | SFCLAIM 001284-1287 | Plaintiffs' IFCA Claim Notification to OIC, May 1, 2018. | X | X |

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

| EX NO. | BEG. BATES NO. | DOCUMENT DESCRIPTION | STIP. ADMISS. | STIP. AUTHENT. |
|---|---|---|---|---|
| 24 | SFCLAIM 000002-47 | Excerpt of State Farm Fire Claim File for M. Hagi-Mayow, June 19, 2018. [Dep. Ex. Somers 1] | X | X |
| 25 | SFCLAIM 000126-136 | Excerpt of State Farm Fire Claim File for M. Hagi-Mayow, June 19, 2018. [Dep. Ex. Somers 13] | X | X |
| 26 | | Excerpts of State Farm's Responses to Plaintiffs' First Set of Discovery Responses, Apr. 17, 2019, and Corrected Response to Interrogatory No. 3, September 13, 2019. | X | X |
| 27 | MHM000493 | Verity & Light Contracting Invoice. | F | X |
| 28 | SFCLAIM 001946 | Photo of fire damage. [Dep. Ex. Hagi-Mayow 12] | X | X |
| 29 | MHM000494 | Photo. | X | X |
| 30 | MHM000495 | Photo. | X | X |
| 31 | MHM000498 | Photo of wetbar area used as kitchen. | F | X |
| 32 | MHM000500 | Photo of wetbar area used as kitchen. | F | X |
| 33 | MHM000503 | Photo of wetbar area used as kitchen. | F | X |
| 34 | MHM000504 | Photo of wetbar area used as kitchen. | F | X |
| 35 | MHM000507 | Photo of wetbar area used as kitchen. | F | X |
| A-01 | SFCLAIM 001931-1932 | Photos of Bedroom, May 2017. | X | X |
| A-02 | SFCLAIM 001938 | Photo of Bathroom, May 2017. | X | X |

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

| EX NO. | BEG. BATES NO. | DOCUMENT DESCRIPTION | STIP. ADMISS. | STIP. AUTHENT. |
|---|---|---|---|---|
| A-03 | SFCLAIM 001939 | Photo of Stairway, May 2017. | X | X |
| A-04 | SFCLAIM 001940-1942 | Photos of Office, May 2017. | X | X |
| A-05 | SFCLAIM 001943-1945 | Photos of Garage, May 2017. | X | X |
| A-06 | SFCLAIM 001950-1951 | Photos of Living Room, May 2017. | X | X |
| A-07 | SFCLAIM 001965-1966 | Photos of Kitchen Area, May 2017. | X | X |
| A-08 | SFCLAIM 001972 | Photo of Exterior, May 2017. | X | X |
| A-9 | SFCLAIM 001927-1928 | Photos of Bedroom, May 2017. | X | X |
| A-10 | SFCLAIM 001907-1910 | Photos of Roof, May 23, 2017. | X | X |
| A-11 | SFCLAIM 001894 | Photo of Attic area above fire. May 23, 2017. | X | X |
| A-12 | SFCLAIM 001882 | Photo of Bedroom, May 23, 2017. | X | X |
| A-13 | SFCLAIM 001878 | Photo of Hallway, May 23, 2017. | X | X |
| A-14 | SFCLAIM 001867 | Photo of Stairs, May 23, 2017. | X | X |
| A-15 | SFCLAIM 001855 | Photo of Kitchen, May 23, 2017. | X | X |
| A-16 | SFCLAIM 001833-1844 | Post Demolition Kitchen/Bathroom Photos. | X | X |
| A-17 | MHM000067 | E-mail from Michael Wrenn to Mark Somers, Apr. 11, 2018. | X | X |
| A-18 | MHM000324 | E-mail from Bernie Williams to Kyle Grinnell, Jan. 29, 2018. | X | X |
| A-19 | MHM000041-46 | E-mail chain regarding cleaning invoice dispute, Feb. 8 – Mar. 12, 2018. | X | X |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

| EX NO. | BEG. BATES NO. | DOCUMENT DESCRIPTION | STIP. ADMISS. | STIP. AUTHE NT. |
|--------|----------------|----------------------|---------------|-----------------|
| A-20 | MHM000401-402 | State Farm Response to Ins. Fair Conduct Act Letter, May 15, 2018. **Added second page of letter (MHM000402)]** | X | X |
| A-21 | | Screenshot of allwestadjusters.com/default.aspx explaining that they are compensated through "a small percentage of the Insurance Settlement" and that "For a slice of the pie, you just might get a bigger pie" and claiming that "Allwest Adjusters has been an advocate for the insured in many formal insurance appraisals. So far, we have been 100% the victor." | **H, F, R** | X |

## VII.    ACTION BY THE COURT

1.    The case is scheduled for trial without a jury on Monday, September 23, at 9:00 a.m.

2.    Trial briefs shall be submitted to the court on or before September 19, 2019.

This order has been approved by the parties as evidenced by the signatures of their counsel.   This order shall control the subsequent course of the action unless modified by a subsequent order.   This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest justice.

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington  98104
(206) 395-7630

57136973.v5

DATED this 23rd day of September, 2019.

_____
United States District Judge

FORM APPROVED

/s/ Svend Brandt-Erichsen
_____
Svend Brandt-Erichsen
Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA 98104
(206) 395-7630
sbrandterichsen@nossaman.com
*Attorneys for Plaintiff Marian Hagi-Mayow*

/s/ Daniel L. Syhre
_____
Daniel L. Syhre, WSBA #34158
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101-3927
(206) 292-9988
dsyhre@bpmlaw.com
*Attorneys for Defendant State Farm Fire and Casualty Company*

PRETRIAL ORDER - 20
(Case No. 2:18-cv-00986-JCC)

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2019, I electronically filed the foregoing document described as PROPOSED PRETRIAL ORDER with the Clerk fo the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel L. Syhre
Betts Patterson & Mines
701 Pike Street, Suite 1400
Seattle, WA 9810
dsyhre@bpmlaw.com
dmarsh@bpmlaw.com

*Attorneys for State Farm Fire and Casualty Company*

I declare under penalty of perjury under the laws of the United States and the State of Washington that, to the best of my knowledge, the foregoing is true and correct.

DATED this 13th day of September, 2019.

*/s/ Ileen Osorio*
Ileen Osorio, Legal Secretary

PRETRIAL ORDER - 21
(Case No. 2:18-cv-00986-JCC)

NOSSAMAN LLP
ATTORNEYS AT LAW
719 Second Avenue, Suite 1200
Seattle, Washington 98104
(206) 395-7630

57136973.v5